United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41761
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FILEMON SANCHEZ-VALDIVIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-705-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

     Jose Filemon Sanchez-Valdivia (Sanchez) appeals his sentence

for illegal reentry after being deported subsequent to an

aggravated felony conviction.  For the first time on appeal,

Sanchez asserts that the district court's belief during

sentencing that the Federal Sentencing Guidelines were mandatory,

rather than advisory, is reversible error under United States v.

Booker, 543 U.S. 220 (2005).  Sanchez also asserts that the

"felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)

are unconstitutional.  We need not decide the applicability of

-------------------

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the waiver provision in this case because the issues that Sanchez raises lack arguable merit or are foreclosed.

We review Sanchez's Booker-based challenge for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th. Cir.), cert. denied, 126 S. Ct. 267 (2005). Sanchez has failed to establish that the error affected his substantial rights. See United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005). Therefore, he cannot demonstrate plain error.

Sanchez's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Sanchez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Sanchez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is thus AFFIRMED.